IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

Case No. 2:24-cv-1771
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

STEVEN E. HILLMAN, *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel and for Sanctions. (Mot., ECF No. 10.) Defendant Steven Hillman filed a Memorandum Contra to Plaintiff's Motion to Compel ("Response"). (Resp., ECF No. 15.) Plaintiff filed a reply to Defendant Hillman's Response. (Reply, ECF No. 20.) This matter is ripe for judicial review. For the reasons stated herein, Plaintiff's Motion is **GRANTED**.

    **I.**    **BACKGROUND**

On April 15, 2024, Plaintiff initiated this case to "(1) reduce to judgment unpaid federal income tax liabilities and restitution-based assessments owed by Steven E. Hillman and (2) enforce federal tax liens associated with these liabilities against a certain parcel of real property he owns but fraudulently transferred into the name of his wife, Venetia G. Hillman." (ECF No. 1.) Plaintiff moves the Court to compel Defendant Hillman to provide written responses to its First Sets of Interrogatories and Requests for Productions and produce his Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures. (Mot. at PageID 53.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court is satisfied that the parties met these prerequisites.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). *See also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015) ("outer boundaries of permissible discovery are quite broad in the federal courts"). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citation omitted). "District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id*. (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).

Federal Rule of Civil Procedure 33 governs interrogatories and requires the receiving party to answer them "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Rule

2

34 governs requests for production and requires the receiving party to respond in writing that it will "produce copies of documents or of electronically stored information instead of permitting inspection" or "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

"Providing false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party and its counsel to sanctions." *JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-CV-0095, 2006 WL 3803152, at *5 (S.D. Ohio Nov. 14, 2006) (citing *Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 610 (D.Neb. 2001) (quotations omitted)). "Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond." *Id.* at *5 (citing *Miller v. Pruneda*, No. 3:02-CV-42, 2004 WL 3927832, at *5 (N.D. W. Va. July 20, 2004) (quotations omitted)). Parties may not engage in gamesmanship to evade answering discovery. *Id.* at *5. "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and set forth the efforts he used to obtain the information." *Id.* at *5 (citing *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D.Pa.1996) (quotations omitted)).

### III.  ANALYSIS

Plaintiff asserts that it served its discovery requests on Defendant Hillman on August 20, 2024. (Mot. at PageID 56.) Defendant Hillman did not provide timely responses, nor did he respond to Plaintiff's meet and confer attempts until December 5, 2024. (*Id.* at PageID 57.) On January 5, 2025, Plaintiff contacted Defendant Hillman again: '[i]n that conversation, and for the first time, Mr. Hillman informed the undersigned that he had no responsive documents and directed the undersigned to subpoena his bank for the information sought in the requests." (*Id.*)

3

As of the date of Plaintiff's Motion, Defendant Hillman had not responded to Plaintiff's discovery requests. (*Id.*)

Defendant Hillman filed a single page response and contends that "[t]here was some confusion as to the service of the Discovery," "Discovery is complete," and Plaintiff's Motion to Compel is moot. (Resp., at PageID 93.) Defendant Hillman attached his responses to Plaintiff's discovery requests to his Response. (*Id.* at PageID 97–110.) Plaintiff counters that Defendant Hillman's responses are inadequate and asks the Court to compel Defendant Hillman to respond fully or with affirmative denials. (Reply, at PageID 118.)

The Court agrees with Plaintiff that Defendant Hillman's responses "were no responses at all." (Reply, at PageID 118.) Under the Federal Rules of Civil Procedure and well-established case law articulated above, Defendant Hillman's responses are far from full and complete. After reviewing Defendant Hillman's responses, for the sake of judicial efficiency, the Court will not detail how each one of Defendant Hillman's responses is deficient. Instead, the Court will discuss several of the most insufficient responses.

**Request for Production No. 2**. Request for Production No. 2 seeks all "documents and ESI relating to the purchase of the Marysville Property. . . ." (Reply, at PageID 120–21; Resp. at PageID 101.) Defendant Hillman responded with the statement "see #1." (*Id.*) As Plaintiff notes, "[t]his response helps no one in providing information as to whether Mr. Hillman has such documents because Request No. 1 seeks documents relating to his interrogatory responses." (Resp. at PageID 121.) Defendant Hillman's response is far from sufficient.

**Request for Production No. 11**. Request for Production No. 11 seeks "all documents and ESI and communications that you may use to support your claims and/or defenses in this case." (Reply, at PageID 121; Resp. at PageID 103.) Defendant Hillman responded with the

4

statement "unknown." (*Id.*) Similar to Plaintiff, the Court is skeptical that Defendant Hillman does not know of any documents to support his specific denials and affirmative defenses when more than a year has passed since Plaintiff initiated this case. (Reply at PageID 122.) For example, Defendant Hillman denied the allegations in Paragraph 11 of the Complaint, which provides an accounting of the liabilities Plaintiff alleges that Defendant Hillman owes. (ECF No. 1, at ¶ 11; ECF No. 3, at ¶ 8.) Defendant Hillman cannot deny Plaintiff's allegations and then fail to support his denials or affirmatively state he does not have documentation to support his denials. *See JPMorgan Chase Bank, N.A.*, 2006 WL 3803152, at *6 (defendant "elected to forego [a] reasonable approach to answering the interrogatories, [instead] simply providing a single-word answer without any explanation").

**Interrogatory No. 4**. Interrogatory No. 4 requests identification of "any payment or other consideration you received for transfer of record legal title of the Marysville Property from Steven E. Hillman to Venetia G. Hillman. . . ." (Reply, at PageID 123; Resp. at PageID 107.) Defendant Steven Hillman responded with the statement "It was hers to begin with since see [sic] paid for it." (*Id.*) This response does not answer Interrogatory No. 4, nor does it affirmatively deny that Defendant Hillman received payment or consideration for the transfer of the subject property.

Defendant Hillman's pattern of non-compliance and evasiveness continues throughout his responses to Plaintiff's discovery requests. (Resp., at PageID 97–110.) Accordingly, Defendant Hillman is **ORDERED** to provide full and complete responses to Plaintiff's discovery requests, including, if necessary, explanations as to why he cannot obtain the information requested and his efforts to obtain the information, and his Rule 26(a)(1) Initial Disclosures within **FOURTEEN DAYS** of the date of this Order.

5

Plaintiff seeks attorneys' fees and expenses incurred in filing this Motion pursuant to Federal Rule of Civil Procedure 37. (Mot. at PageID 60.) Rule 37 provides that if the disclosure or requested discovery is provided after the motion to compel is filed, the Court must require the party whose conduct necessitated the motion to pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). As none of the exceptions to Rule 37(a)(5)(A) apply, the Court **AWARDS** Plaintiff all of its costs and expenses, including reasonable attorneys' fees, associated with its Motion to Compel. The Court will set forth the appropriate procedure for determining the award below.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel and for Sanctions (ECF No. 10) is **GRANTED**. Defendant Hillman is **ORDERED** to provide full and complete responses to Plaintiff's Requests for Production and Interrogatories and his Rule 26(a)(1) Initial Disclosures within **FOURTEEN DAYS** of the date of this Order.

The Court **AWARDS** Plaintiff all of its costs and expenses, including reasonable attorneys' fees, associated with the filing and briefing of its Motion to Compel. Plaintiff is **DIRECTED** to submit a sworn itemization of its costs and expenses, including attorneys' fees, associated with its Motion to Compel within **FOURTEEN DAYS** of this Order. If Defendant Hillman contests the reasonableness of those costs, expenses, and attorneys' fees, he must file a response within **FOURTEEN DAYS** of Plaintiff's submission. If necessary, the Court will conduct an evidentiary hearing to determine the reasonableness of Plaintiff's costs, expenses, and attorneys' fees. Defendant Hillman is **CAUTIONED** that failure to comply with the Court's Order will likely result in more severe sanctions.

**IT IS SO ORDERED.**

**Date: May 14, 2025**                               */s/ Elizabeth A. Preston Deavers*
                                                    **ELIZABETH A. PRESTON DEAVERS**
                                                    **UNITED STATES MAGISTRATE JUDGE**