IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.

    Case No. 2:24-cv-1771
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

STEVEN E. HILLMAN, *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel and for Sanctions. (Mot., ECF No. 22.) Defendants Venetia Hillman ("VH") and Christopher Hillman ("CH") did not file responses. This matter is ripe for judicial review. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

    **I.**    **BACKGROUND**

On April 15, 2024, Plaintiff initiated this case to "(1) reduce to judgment unpaid federal income tax liabilities and restitution-based assessments owed by Steven E. Hillman and (2) enforce federal tax liens associated with these liabilities against a certain parcel of real property he owns but fraudulently transferred into the name of his wife, Venetia G. Hillman." (ECF No. 1.) Plaintiff moves the Court to compel Defendants VH and CH to provide written responses to its First Sets of Interrogatories and Requests for Productions. (Mot. at PageID 135–36.)

    **II.**    **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes "a certification that the movant has in good faith conferred or

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  Consistent with this, Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1.  Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion.  *Id.*  The Court is satisfied that the parties met these prerequisites.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).  *See also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015) ("outer boundaries of permissible discovery are quite broad in the federal courts").  "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).  "District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted).  "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id*. (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).

Federal Rule of Civil Procedure 33 governs interrogatories and requires the receiving party to answer them "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  Rule 34 governs requests for production and requires the receiving party to respond in writing that it will "produce copies of documents or of electronically stored information instead of permitting

inspection" or "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

"Providing false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party and its counsel to sanctions." *JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-CV-0095, 2006 WL 3803152, at *5 (S.D. Ohio Nov. 14, 2006) (citing *Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001) (quotations omitted)). "Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond." *Id.* at *5 (citing *Miller v. Pruneda*, No. 3:02-CV-42, 2004 WL 3927832, at *5 (N.D. W. Va. July 20, 2004)) (quotations omitted). Parties may not engage in gamesmanship to evade answering discovery. *Id.* at *5. "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and set forth the efforts he used to obtain the information." *Id.* at *5 (citing *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D.Pa.1996) (quotations omitted)).

**III.     ANALYSIS**

The Court finds that Defendants VH and CH violated Rules 33 and 34. Plaintiff asserts that it served its discovery requests on Defendants VH and CH on February 7, 2025. (Mot. at PageID 131.) As of the date of Plaintiff's Motion, Defendants VH and CH had not responded to Plaintiff's discovery requests. The Court does not consider Defendants VH and CH's counsel of record Co-Defendant Steven Hillman's email response to Plaintiff—"The answers to the previous discovery are the same for all three"— a sufficient response to Plaintiff's discovery requests. (ECF No. 22-3, at PageID 166.) Defendants VH and CH also failed to respond to Plaintiff's Motion.

3

In addition to ordering compliance with Rules 33 and 34, Plaintiff requests that the Court hold that Defendants VH and CH have waived any objections. "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*, No. 14-CV-12972, 2016 WL 4662431, at *2 (E.D. Mich. Sept. 7, 2016) (citing *Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)). This, however, is not a bright-line rule. "[C]ourts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." *Id.* Given the circumstances of this case, the Court finds that Defendants VH and CH have waived any objections to Plaintiff's discovery requests. Defendants VH and CH have not provided a reason for their failure to comply, nor have they opposed Plaintiff's Motion. The Court cannot assess any potential prejudice on this record. Further, the discovery requests are facially proper.

Accordingly, Defendants VH and CH are **ORDERED** to provide full and complete responses, without objections, to Plaintiff's discovery requests within **FOURTEEN DAYS** of the date of this Order. (ECF No. 22.)

Plaintiff seeks attorneys' fees and expenses incurred in filing this Motion pursuant to Federal Rule of Civil Procedure 37. (Mot. at PageID 138.) Rule 37 provides that if the motion to compel is granted, the Court must require the party whose conduct necessitated the motion to pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Defendants VH and CH did not respond to Plaintiff's request for expenses. As none of the exceptions to Rule 37(a)(5)(A) apply, the Court **AWARDS**

Plaintiff all of its costs and expenses, including reasonable attorneys' fees, associated with its Motion to Compel. The Court will set forth the appropriate procedure for determining the award below.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel and for Sanctions (ECF No. 22) is **GRANTED**. Defendants VH and CH are **ORDERED** to provide full and complete responses to Plaintiff's Requests for Production and Interrogatories within **FOURTEEN DAYS** of the date of this Order.

The Court **AWARDS** Plaintiff all of its costs and expenses, including reasonable attorneys' fees, associated with the filing and briefing of its Motion to Compel. Plaintiff is **DIRECTED** to submit a sworn itemization of its costs and expenses, including attorneys' fees, associated with its Motion to Compel within **FOURTEEN DAYS** of this Order. If Defendants VH and CH contest the reasonableness of those costs, expenses, and attorneys' fees, they must file a response within **FOURTEEN DAYS** of Plaintiff's submission. If necessary, the Court will conduct an evidentiary hearing to determine the reasonableness of Plaintiff's costs, expenses, and attorneys' fees. Defendants VH and CH are **CAUTIONED** that failure to comply with this Court's Order will likely result in more severe sanctions.

IT IS SO ORDERED.


**Date: May 27, 2025**              /s/ *Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**