**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-cv-1771** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **STEVEN E. HILLMAN,** | : | **Magistrate Judge S. Courter Shimeall** |
| ***et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff United States of America's Motion for Summary Judgment. (Mot., ECF No. 36.) Defendant Steven Hillman has not filed a response and the time to file has passed. This matter is ripe for judicial review and Plaintiff's motion is unopposed. For the reasons stated herein, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

On April 15, 2024, Plaintiff initiated this case to: "(1) reduce to judgment unpaid federal income tax liabilities and restitution-based assessments owed by Steven E. Hillman; and (2) enforce federal tax liens associated with these liabilities against a certain parcel of real property he owns but fraudulently transferred into the name of his wife, Venetia G. Hillman." (ECF No. 1). Plaintiff alleges that Defendant Venetia Hillman is the record title holder of the real property located at 23917 Sandusky Road, Marysville, Ohio 43040 (the "Marysville Property"). (*Id.* at 2). Plaintiff further alleges that the transfer was "actually fraudulent" because it was: (1) a "transfer to an insider;" (2) a "transfer for no consideration;" and (3) a "transfer at a time when the transferor had been sued and was facing additional debts." (*Id.*). According to Plaintiff, the transfer of the real property from Defendant Steven Hillman to Defendant Venetia Hillman occurred less than 30

days after Defendant Steven Hillman's guilty plea for willfully failing to file his 2011 income tax return. (*Id.*). Finally, Plaintiff argues that the transfer of the real property was also constructively fraudulent because Defendant Steven Hillman transferred his interest in the property to Defendant Venetia Hillman for no consideration. (*Id.*).

On February 20, 2025, Plaintiff moved for summary judgment arguing that, as of February 17, 2026, Defendant Steven Hillman is liable for unpaid federal income tax liabilities in the amount of $388, 990.77, plus statutory additions until the balance is fully paid. (ECF No. 36 at 1). Plaintiff seeks enforcement of the tax liens associated with Defendant Steven Hillman through a judicial sale of real property located at 23917 Sandusky Road, Marysville, Ohio 43040, with 50% of the net proceeds of the sale to be applied to Defendant's tax liabilities and the other 50% of the net proceeds to be distributed to Defendant Venetia Hillman. (*Id.* at 2). Though his response was due on March 12, 2026, Defendant has neither responded to the motion or opposed, nor has he requested an extension of time with which to respond. Thus, the motion is ripe for review.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the court's function is not "to weigh evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Courts ask whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. Summary judgment is inappropriate "if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. In such a case, there is an issue

for trial because "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," but evidence that is "merely colorable" or "not significantly probative" is not enough to defeat summary judgment. *Id.* at 249–50.

The party seeking summary judgment carries the initial burden of presenting law and argument in support of its motion, as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotext Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Hines v. Humana Ins. Co.*, 689 F. Supp. 3d 516, 525 (S.D. Ohio 2023) (Marbley, J.) (citing Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250).

Factual evidence is viewed "in the light most favorable to the non-moving party," and "all reasonable inferences" are drawn in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). That said, a mere "scintilla" of evidence supporting the nonmoving party's position is insufficient—"there must be evidence on which the jury could reasonably find for the [nonmovant]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). When a motion for summary judgment is unopposed, the Court may properly limit its review to the facts relied on by defendant. It has no duty to search the record. *Guarino v. Brookfield Twp.,* 980 F.2d 399, 404-05 and 407 (6th Cir.1992) However, even where the motion is unopposed, this Court must still consider the record before it. *See Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) ("Even when faced with an unopposed motion for summary judgment, the district court

cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden.").

## III. LAW AND ANALYSIS

### A. Reducing Federal Income Tax and Restitution-Based Liabilities to Judgment

Pursuant to 26 U.S.C. § 6321, "if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Any lien imposed by section 6321 arises "at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. The broad statutory language that authorizes tax liens "reveals that Congress meant to reach every property interest that a taxpayer might have." *United States v. Craft*, 535 U.S. 274, 275, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002) (quoting *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985)).

Plaintiffs argue that there is no genuine dispute of material fact that Defendant Steven Hillman is liable for the income tax liabilities, in addition to the restitution-based liabilities. (ECF No. 36 at 12). Plaintiffs further argue that the tax liens "automatically arose" as of the dates of assessment and attached to all property and rights to property owned by Plaintiff Steven Hillman. (*Id.*).

This Court agrees that Defendant Steven Hillman is liable for the income tax at issue in this case in the amount of $388,839.19, as of February 17, 2026, and the restitution-based liabilities following Defendant's guilty plea in the amount of $126,495.65 (*Id.* at 7). Following Defendant

Steven Hillman's late filed tax returns for the years 2008-2012, assessments were made against him between September 2014 and October 2015 regarding the liabilities. (*Id.* at 7, 9). According to Plaintiffs, proper notice and demand for payment was given to Defendant Steven Hillman and the remaining liability after abatements, payments, and credits continues unpaid. (*Id.* at 7, 10). Based upon the record before the Court, there is no dispute of material fact regarding the applicability of the tax lien following assessments made by the Internal Revenue Service for the amounts listed above. (*See* ECF No. 36-13).

**B. Fraudulent Transfer of the Marysville Property**

Consistent with Ohio law, a fraudulent transfer occurs "if the debtor made the transfer or incurred the obligation in either of the following ways:" (1) if the transfer or obligation was made "with actual intent to hinder, delay, or defraud any creditor of the debtor;" and (2) "without receiving a reasonably equivalent value in exchange for the transfer or obligation. . . [where] the debtor intended to incur, or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as they became due." O.R.C. § 1336.04(A)(1)–(2)(b). The courts have recognized that proof of actual intent "may be impossible to show," thus, to determine whether there was "actual intent" for the purposes of a fraudulent transfer, the statute includes a non-exhaustive list of relevant factors, including: (1) "whether the transfer was made to an insider;" (2) "whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;" (3) whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred." *First Fin. Bank v. Fox Cap. Grp., Inc.*, 692 F. Supp. 3d 762, 770 (S.D. Ohio 2023) (citing *Blood v. Nofzinger*, 162 Ohio App.3d 545, 834 N.E.2d 358, 368 (2005)); O.R.C. § 1336.04(B)(1), (4), (8). "A finding of intent to hinder, delay or defraud creditors may be made on

the basis of circumstantial evidence." In re Blackmar, No. 20-31036, 2022 WL 2399105, at *6 (Bankr. N.D. Ohio July 1, 2022) (quoting *Reiser v. Hayslip (In re Canyon Systems* Corp, 343 B.R. 615, 636 (Bankr. S.D. Ohio 2006)) (citations omitted).

Similarly, a constructively fraudulent transfer occurs under O.R.C. § 1336.05(a) if: "a transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." When considering claims involving contrastive fraudulent transfer, "a fundamental element. . . is a transfer made in exchange for less than reasonable equivalent value." *In re Blackmar*, 2022 WL 2399105, at *7. To assess whether the transfer was supported by reasonable equivalent value, "courts generally compare the value of the property transferred with the value of that received in exchange for the transfer. (*Id.*) (citations omitted).

Plaintiff argues that "the circumstantial evidence strongly supports the United States' position that the intent of the transfer was to prevent the United States (IRS) from collecting on Steven Hillman's tax liabilities through the Marysville Property." (ECF No. 36 at 16). Plaintiff further argues that the transfer was to an insider, Hillman's wife, Venetia, and that the transfer was made for no consideration. (*Id.* at 15). Regarding constructive fraud, similarly, Plaintiff contends that the transfer was made for the nominal consideration of $1.00 when the mortgage payment was $899.67, and further, the transfer was made with the knowledge that Defendant Steven Hillman had pled guilty to willfully failing to file his tax return and was going to incur tax debts as a result of his criminal tax case. (*Id.* at 15).

Here, it is clear to the Court, and is undisputed by Defendants, that the transfer of the Marysville Property from Defendant Steven Hillman to Defendant Venetia Hillman on April 2, 2014, bears the markings of a fraudulent transfer under O.R.C. § 1336.04(B). As Plaintiff alleges, Defendant transferred the interest in the Marysville Property to his wife, for $1.00, less than 30 days after he pled guilty to willfully failing to make a federal income tax return, but before sentencing, exhibiting the badges of fraud within O.R.C. § 1336.04(B)(1) and (B)(8). (*Id.*). The facts as alleged by the Plaintiff exhibit further badges of fraud under O.R.C. § 1336.04(B)(4) and (10) because Defendant Steven Hillman transferred the interest in the property after almost 10 years of ownership, and shortly before he was ordered to pay restitution in the amount of $130, 899.26. (*Id.* at 16). Therefore, the Court agrees that the transfer of the property was fraudulent.

Likewise, the transfer also exhibits constructive fraud. Consistent with *Blackmar*, the transfer was not supported by any reasonable equivalent value. The monthly mortgage payment on the property, at the time of the transfer, was $899.67, and that payment was due to increase to $1,655.78 beginning on July 25, 2014. (ECF No. 36-3 at 33). This is not reasonable equivalent value. Making the determination of reasonably equivalent value has been characterized as a two-step analysis. "First, a court considers whether the debtor received any value." *In re Blackmar,* 2022 WL 2399105, at *7 (quoting *Barbacci v. Mikstay (In re Wallace)*, No. 12-61185, AP No. 12-6120, 2013 WL 3878165 *2 (Bankr. N.D. Ohio 2013)) (citation omitted). Second, "the court must determine if the compensation was reasonable." *Id*. The Court does not consider the transfer for $1.00 to be reasonable on a loan in the amount of $310,000, where the principal had just pled guilty to willfully failing to file a tax return. Therefore, the Court finds that the transfer of the property was constructively fraudulent.

Thus, based on the facts before the Court, the above analysis, and no contesting argument from the Defendants', the Court does not find a genuine issue of material fact surrounding the transfer of the Marysville property from Defendant Steven Hillman to Defendant Venetia Hillman, the consideration given, or the date of the transaction.

**C. Judicial Sale of the Marysville Property**

A federal tax lien is "not self-executing," and is within the prerogative of the IRS to take affirmative enforcement action for the unpaid tax liabilities. *United States v. Nat'l Bank of Com.,* 472 U.S. 713, 720, 105 S. Ct. 2919, 2924, 86 L. Ed. 2d 565 (1985). The Internal Revenue Code provides two tools to effectuate such enforcement, the first tool, which is of relevance here, is the lien-foreclosure suit. *Id.* 26 U.S.C. § 7403(a) authorizes the United States to commence a "civil action in federal district court to enforce a lien 'to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax.'" *Id.*

Subsection (c) of 26 U.S.C. § 7403 further provides that "in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper office of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale."

Based upon the Court's findings above that there is no genuine dispute of material fact concerning the applicability of the tax lien and the fraudulent transfer of the property, and Plaintiff is entitled to judgment as a matter of law, the Court finds that a judicial sale of the Marysville Property under 26 U.S.C. § 7403 is appropriate. The sale will proceed pursuant to Rules 66 and 69

of the Federal Rules of Civil Procedure.[1] Payment shall be made to the United States up to the amount of its Judgment for $388,839.19, plus statutory accruals, after payment of the costs of sale any local real property taxes are paid to the Treasurer of Union County, Ohio, and those entitled to priority under 26 U.S.C. § 6323(b)(6). Any remaining proceeds following payment to the United States shall be paid to Venetia Hillman.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff United States of America's motion for summary judgment is **GRANTED**. The Court will retain continuing jurisdiction over the judicial sale of the Marysville Property.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 21, 2026**

[1] The parties should contact the Court to schedule a status conference regarding the sale.